IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-MJ-1803-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>) ORDER<br>JOHN A. BARRINGER, )<br>)<br>Defendant. ) | |

This matter comes before the court on the government's motion to quash two subpoenas directed to an official of the United States Army Corps of Engineers. Mot. to Quash ("Gov't's Mot.") [DE-13]. Defendant has responded to the government's motion. Def. Barringer's Resp. to Obj. to Admis. of Evid. and the United States' Mot. to Quash ("Def.'s Resp.") [DE-15].[1] Accordingly, the motion is ripe for ruling. For the following reasons, the government's motion to quash is ALLOWED.

## BACKGROUND

This matter is currently set before the undersigned for a bench trial. The government has charged Defendant with the destruction of public property by cutting trees and vegetation in violation of Title 36 C.F.R. § 327.14. [DE-1]. On January 28, 2013, upon application by Defendant's counsel, the Clerk of Court issued a trial subpoena to Carol M. Banaitis R.F., Wilmington District, Corps of Engineers, Department of Army ("Banaitis"). [DE-14-1]. In addition to commanding Banaitis to appear and provide testimony at trial, the subpoena directs her to produce "[a]ll records and citations issued in the last 5 years for your district for offense Title 36 C.F.R. 327.14." *Id.* A second subpoena was issued January 31, 2013, containing the

---

[1] The parties' dispute regarding various evidentiary issues will be addressed separately.

same instructions except for the date, time and location of compliance, reflecting an intervening reassignment of the case to the undersigned for trial at a different location and date than previously scheduled. [DE-14-1] at 2.

The government moves to quash the subpoena on the grounds that Defendant has failed to comply with the applicable "*Touhy* procedures" and the subpoenas seek information which may not be disclosed pursuant to the *Touhy* regulations. Mem. of Law in Supp. of Mot. to Quash ("Gov't's Mem.") [DE-14] at 1. In response, Defendant argues the government is a party to this case, and that Banaitis is the individual with whom Defendant interacted. Def.'s Resp. at 3. Defendant states that Banaitis issued the criminal citation in this case and that she is the one who has determined the damages in this case, an amount of $676.00. *Id.* Defendant argues further that he seeks the production of documents by subpoena, in particular, records from the Army Corps of Engineers, related to the overall enforcement of Title 36 C.F.R. [§] 327.14. *Id.* Defendant contends these records will "consist of how violations of 36 C.F.R. § 327.14 have been handled for the last 5 year period, whether by warning, criminal citation or otherwise." *Id.* According to Defendant, the information sought "is relevant to document how prevalent violations of 36 C.F.R. § 327.14 are for this project and what percentage of violations are handled by warnings, as opposed to criminal citations." *Id.* Finally, Defendant states that Banaitis previously advised Defendant's counsel that the information Defendant seeks is available pursuant to a request in accordance with the Freedom of Information Act ("FOIA"), which counsel indicates to be pursuing separately. *Id.*

## ANALYSIS

The government has moved to quash the subpoenas in this case because Defendant has

2

failed to follow the *Touhy* procedures. Gov't's Mem. at 1. In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court upheld a regulation which set forth administrative procedures to be followed when demands for information are received by federal employees. *Touhy* held that it is appropriate for the head of an agency "to prescribe regulations not inconsistent with law for 'the custody, use, and preservation of the records, papers, and property appertaining to' [the agency]." *Touhy*, 340 U.S. at 468. Additionally, pursuant to 5 U.S.C. § 301, federal agencies may promulgate so-called *Touhy* regulations to govern conditions and procedures by which their employees may testify about work-related issues at trial. *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) (citing *Touhy*, 340 U.S. at 468).

In the present case, the government relies upon 32 C.F.R. § 97.6, which authorizes the Department of Defense ("DoD") officials to "determine whether official information may be released in litigation; whether DoD personnel . . . may be interviewed, contacted, or used as witnesses concerning official DoD information or as expert witnesses; and what, if any, conditions will be imposed upon such release, interview, contact, or testimony." 32 C.F.R. § 97.6(a)(1). The regulation provides further that "DoD personnel shall not, in response to a litigation request or demand, produce, disclose, release, comment upon, or testify concerning any official DoD information without the prior written approval of the appropriate DoD official. . .". *Id.* § 97.6(c)(1). The regulation requires that an individual seeking official DoD information through testimony or otherwise "must set forth, in writing and with as much specificity as possible, the nature and relevance of the official information sought," and that "DoD personnel may only produce, disclose, release, comment upon, or testify concerning those matters that were specified in writing and properly approved by the appropriate DoD official". *Id.* § 97.6(c)(2)

3

(citing *Touhy*). The government asserts that Ms. Banaitis, an official of the United States Army Corps of Engineers, is subject to this regulation, which Defendant does not challenge, nor does Defendant challenge the validity of such regulations, nor the government's charge that Defendant has failed to comply with the *Touhy* regulations at issue in this case.

Rather, Defendant appears simply to claim that the *Touhy* regulations do not apply to the instant case because the United States is a party. *See* Def.'s Resp. at 3. However, neither the authorizing statute, 5 U.S.C. § 301, nor the Department of the Army regulations, 32 C.F.R. § 97.6, impose any such limitations. In fact, other courts have determined the *Touhy* regulations apply to agency employees in federal criminal prosecutions. *See Soriano-Jarquin*, 492 F.3d at 504 (citing *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994) & *United States v. Allen*, 554 F.2d 398, 406 (10th Cir. 1997)).

Finally, Defendant has not challenged the withholding of the requested materials as a violation of the Freedom of Information Act, but has merely asserted that counsel is in the process of pursuing his request separately under FOIA. Def.'s Resp. at 3. That Defendant may have submitted a FOIA request to the agency for the same materials he seeks by subpoena *duces tecum* has no effect at this point on the court's consideration of the enforceability of the subpoenas before the court. *See e.g., see Santini v. Herman*, 456 F. Supp. 2d 69, 72 (D.D.C. 2006) (where plaintiff had not filed a complaint with the court alleging violation of FOIA, the Privacy Act or the Administrative Procedures Act seeking production of documents, she could not bootstrap such a lawsuit into a proceeding on the government's motion to quash subpoena for failing to comply with valid *Touhy* regulations*); Lincoln Nat. Bank v. Lampe*, 421 F. Supp. 346, 349 (N.D. Ill. 1976) (allowing motion to quash where the enforceability of the subpoena was

governed by agency's *Touhy* regulations since plaintiff had not filed a complaint under the Freedom of Information Act).

## CONCLUSION

The court finds the procedures established by 32 C.F.R. § 97.6 are valid under *Touhy* and that the regulations demand Defendant's compliance for the materials sought by the subpoenas issued in this case. For the reasons set forth above, the government's motion to quash [DE-13] is ALLOWED and the subpoenas directed to Carol M. Banaitis R.F., Wilmington District, Corps of Engineers, Department of Army are hereby QUASHED.

SO ORDERED, this the 22nd day of February, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge